**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CSA8-Garden Village, LLC, | No. CV-13-635-BSB |
| Plaintiff/Judgment Creditor, | **ORDER** |
| vs. | |
| Garden Village Associates at Grayhawk, LP; Kenneth L. Losch, David D. Dewar, et al., | |
| Defendants/Judgment Debtors. | |
| The Balloch Family Trust, | |
| Garnishee | |

Plaintiff CSA8-Garden Village, LLC (Plaintiff) has filed a motion to Remand and Request for Attorneys' Fees. (Doc. 15.) The Balloch Family Trust (the Trust) opposes the motion. (Doc. 18.) For the reasons set forth below, the Court grants the motion and remands this matter to the Superior Court of Arizona, Maricopa County (the State Court).[1]

**I.     Background**

On September 10, 2010, in Case No. CV2009-020801, the State Court entered a Stipulated Judgment in the principal amount of $2,796,032.64 in favor of Plaintiff and against Defendants Garden Village Associates at Grayhawk, L.P., Kenneth K. Losch, David C. Dewar,

---

[1] The docket reflects that the parties to the garnishment action, Plaintiff, CSA8-Garden Village, LLC, and Garnishee, the Balloch Family Trust, have consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

1 Graystar Investments, LLC, Graystar Holdings, LLC, Kingston Capital Co., LLC, Kingston
2 Holdings LLC, Kenneth K. Losch, as family trustee, and David C. Dewar, as independent
3 trustee of the KL-998 Trust dated December 28, 1999, and David C. Dewar, as family trustee
4 of the DCD-998 Trust dated December 27, 1999. (Doc. 1, Ex. D.) The Stipulated Judgment
5 specifically provides that it "constitute[s] a final order under Ariz. R. Civ. P. 54(b)." (*Id.*)

6 After obtaining the judgment, Plaintiff filed an Application for Writ of Garnishment
7 in the State Court against the Trust. (Doc. 19, Ex. 2.) On March 18, 2013, David Dewar, a
8 trustee, was served with garnishment pleadings. (Doc. 1, Ex. A; Doc. 15, Ex. A.) On March
9 28, 2013, the Trust removed the garnishment action to this Court based on diversity of
10 citizenship pursuant to 28 U.S.C. § 1441(a).[2] (Doc. 1.) On April 18, 2013, Plaintiff filed a
11 motion to remand arguing that removal was improper under 28 U.S.C. § 1441(b) because of the
12 presence of a forum defendant, and because the necessary parties to the garnishment action
13 destroy diversity. (Doc. 15.) The Trust opposes these arguments.[3] (Doc. 18.) As discussed
14 below, removal is improper and the Court remands this matter to the State Court.

15 **II.     Removal to Federal Court**

16 Federal courts are courts of limited jurisdiction and have subject matter jurisdiction
17 only over those matters specifically authorized by Congress or the Constitution. *Kokkonen v.*
18 *Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted). A defendant may remove

---

[2] The Trust filed a Notice of Removal (Doc. 1), followed by a Supplement to the Notice of Removal (Doc. 14), and a Notice of Errata to the Notice of Removal (Doc. 17). The Supplement to the Notice of Removal was entered on the docket as a "motion to supplement" (Doc. 14), and it is unopposed. To the extent the Supplement is deemed a motion to supplement the notice of removal, it is granted.

[3] Plaintiff also argues that the notice of removal is fatally deficient because it does not set forth the factual basis for the assertion that the citizenship of the parties is diverse. (Doc. 18 at 6.) The notice of removal alleged citizenship in a conclusory manner. However, the issue of removal has been fully briefed and the Court finds that remand is appropriate on other grounds. Therefore, the Court does not address the sufficiency of the notice except to note that it could construe the Trust's opposition to the motion to remand as an amendment to its notice of removal. *See Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969).

- 2 -

"any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). District courts have diversity jurisdiction over any civil action between "citizens of different States" and between "citizens of a State and citizens or subjects of a foreign state" as long as the amount in controversy exceeds $75,000.00, excluding interest and costs. 28 U.S.C. § 1332(a)(1) and (2). Section 1441 provides that diversity actions "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

There is a "'strong presumption' against removal jurisdiction [which] means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (same). If removal was improper, the district court lacks subject matter jurisdiction and should remand the action to the state court. *See* 28 U.S.C. § 1447(c).

### A.  Removal of State Garnishment Action

Although the parties have not raised the issue, because federal courts have a duty to examine their subject matter jurisdiction, the Court first considers whether a state court garnishment proceeding is a "civil action" for purposes of 28 U.S.C. § 1441(a) that can be removed. *See United Invs. Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments") (citing *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)).

The Ninth Circuit has recognized that garnishment proceedings are independent civil actions that are removable to federal district court. *See Swanson v. Liberty Nat'l Ins. Co.*, 353 F.2d 12, 13 (9th Cir. 1965) (state garnishment proceeding was removable under 28 U.S.C. § 1441); *see also Nationwide Invs. v. Miller*, 793 F.2d 1044, 1045 (9th Cir. 1986) (holding that "a state court garnishment proceeding, to which a federal officer acting under color of office has been summoned, is a 'civil action,' within § 1442(a)(1) and therefore is removable to federal district court."). Thus, this garnishment action is removable if it satisfies the requirements of 28 U.S.C. § 1441. *See Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. ESI*

*Ergonomic Solutions, LLC*, 342 F. Supp. 2d 853, 858-61 (D. Ariz. 2004) (concluding that court lacked diversity jurisdiction over garnishment action because amount in controversy did not exceed $75,000.00 and remanding garnishment action to state court).

### B.     Removal Based on Diversity Jurisdiction

To invoke this Court's diversity jurisdiction, the Trust must establish diversity of citizenship and that the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332. Diversity "is determined (and must exist) as of the time the complaint is filed and removal is effected." *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1980) (diversity is determined by the citizenship of the parties as of the filing of the original complaint); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) (diversity must exist when the action is removed). Additionally, even if there is diversity between the parties, a federal court may not exercise jurisdiction when the removing defendant is a citizen of the forum state. *See* 28 U.S.C. § 1441(b)(2); *Ibarra v. Protective Life Ins. Co.*, 2009 WL 1651292, *1 (D. Ariz. Jun. 12, 2009) ("This axiom is commonly referred to as the 'forum defendant rule'").

Because the dollar amount of Plaintiff's garnishment action is not in dispute, the only issue for the Court's consideration is diversity of citizenship, including whether there was a forum defendant at the time of removal.[4] As discussed below, although the Notice of Removal invokes this Court's diversity jurisdiction, the requirements of § 1441(b)(2) for removal based on diversity jurisdiction are not satisfied.

### 1.     Citizenship of Plaintiff CSA8-Garden Village, LLC

"In cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Plaintiff is a limited liability company (LLC). An LLC is treated like a partnership for purposes of diversity jurisdiction and "is a citizen of every state of which its

---

[4] The Application for Writ of Garnishment states that the outstanding balance on the judgment is $3,635,979.11. (Doc. 19, Ex. 2.)

1 owners/members are citizens." *Id.* The Trust has submitted evidence that Plaintiff is an Oklahoma LLC, and that its manager and member, Midfirst Bank, 501 NW Grand Boulevard, Oklahoma City, OK, is an Oklahoma citizen. (Doc. 14, Ex. A.) The parties do not dispute that Plaintiff is an Oklahoma citizen for purposes of diversity jurisdiction.

### 2.     Citizenship of the Trust

#### a.     Citizenship of the Trustees

"A trust has the citizenship of its trustee or the trustees." *Johnson*, 437 F.3d at 899 (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980)); *see also Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990) (explaining that for real, express trusts the trustee rather than the beneficiaries is the real party in interest, on whose citizenship diversity must be found).[5] Citizenship is determined at the time the case is filed. *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223,1236 (9th Cir. 2008); *see also Lending Co., Inc. v. Craythorn*, 2012 WL 3585411, *2 (D. Ariz. Aug. 20, 2012). And the existence of federal jurisdiction is tested at the time of removal. (*Id.*) (citing *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002)).

In the Notice of Removal, the Trust states that it had three trustees on March 18, 2013, the date of service of the Writ of Garnishment on one of its trustees. (Doc. 1 at 2.) The Trust later identified those trustees as Thomas Rockliff, Glen Davis, and David Dewar. (Doc. 18 at 4.) The parties do not dispute that Rockliff and Davis are Canadian citizens. (Doc. 15; Doc. 18 at 4.) Furthermore, the Trust admits that "during all relevant times herein [trustee David] Dewar was and is a citizen of Arizona." (Doc. 18 at 4.) The Trust contends, however, that after service of the Writ of Garnishment on March 18, 2013 (Doc. 1 at 2), but before the Notice of Removal was filed on March 28, 2013, Davis and Dewar resigned as trustees, leaving Rockliff, a Canadian citizen, as the only trustee. (Doc. 18 at 4, 6.) Therefore, the Trust argues that because

---

[5] The Trust states that the Balloch Family Trust is an "ordinary express trust" and that the real party in interest is the trustee. (Doc. 18 at 2, n.2.)

- 5 -

1  Arizona citizen Dewar was no longer a trustee, there was complete diversity between the parties
2  at the time of removal and no forum defendant prevented removal. (Doc. 18 at 4, 6.)

3        The attachments to the Trust's Notice of Errata to Removal Action, however, reflect
4  that on the date of removal, March 28, 2013, Dewar was still a trustee. (Doc. 17, Exs. A and
5  B.) Specifically, the Trust attached to its Notice of Errata Rockliff's unexecuted affidavit and
6  Dewar's March 25, 2013 signed letter of resignation as a trustee. (Doc. 17 at 3-6, Ex. B.) The
7  Trust relies on Dewar's letter of resignation to support its argument that Dewar was not a trustee
8  on March 28, 2013. Dewar's letter of resignation, however, establishes that he was still a
9  trustee on the date of removal. That letter provides that, under the terms of the trust agreement,
10  Dewar was a trustee for ten days following his notice of resignation:

> Pursuant to the terms of the Trust Agreement, I hereby give you and the Trust notice of my resignation as designated Original Trustee and Trustee of the Trust. This resignation shall be effective upon ten (10) days from today's date pursuant to the terms of ¶ 13(d) of the Trust Agreement.

(Doc. 17, Exs. A and B.)

      Accordingly, Dewar's resignation was not effective until April 4, 2013 (ten days after the date of the March 25, 2013 letter). Therefore, Dewar was a citizen of Arizona and a trustee of the Trust on the date the garnishment action was filed, March 18, 2013, and on the date of removal, March 28, 2013. Because the Trust had the citizenship of its trustees on these dates, the Trust is considered a citizen of Arizona at the time of removal, and as a "forum defendant," the Trust's removal on the basis of diversity was improper. *See* 28 U.S.C. § 1441(b)(2).

### b. Choice of Law to Determine Citizenship

      The Trust also argues that because it is a Canadian trust, not an American trust, the Court should apply Canadian law to determine its citizenship.[6] (Doc. 14 at 3; Doc. 18 at 5.) The Trust asserts that under Canadian law, the "trust residence" is "where the majority of the trustees are residents." (*Id.*) The Trust argues that when the garnishment action was

---

[6] The Trust states that it is "domiciled, administered in and operated solely within the Province of Ontario, Canada, under whose laws it was formed and created . . . ." (Doc. 1 at 3.)

- 6 -

commenced, the majority of trustees were citizens of Canada, and thus the Trust is a Canadian citizen.

In support of its assertion that the Court should determine the Trust's citizenship on the basis of Canadian law, the Trust cites a provision of the Arizona Trust Code, which provides that "[t]he meaning and effect of the terms of a trust are determined by the law of the jurisdiction designated in the term of the trust instrument." Ariz. Rev. Stat. § 14-1017(A). That provision, however, does not discuss how a court should determine a trust's citizenship. It also does not establish that, for purposes of determining whether removal is appropriate on the basis of diversity jurisdiction, the district court considers the law of the country in which a foreign trust was established to determine its citizenship. Contrary to the Trust's assertion, federal law and not Canadian law governs the determination of its citizenship for purposes of determining whether this action was properly removed under 28 U.S.C. § 1441(a) and (b). *See Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954) ("For purposes of removal, the federal law determines who is plaintiff and who is defendant. It is a question of the construction of the federal statute on removal, and not the state statute.")

### 3. Citizenship of Judgment Debtor

Plaintiff also argues that because Dewar is a judgment debtor he is a necessary party to the garnishment action and his Arizona citizenship defeats removal as a violation of 28 U.S.C. § 1441(b)(2) or due to a lack of complete diversity. (Doc. 15 at 6.) The Trust responds that the Court should not consider Dewar's citizenship for purposes of determining whether removal is appropriate because his status as a judgment debtor does not make him a "necessary or indispensable party" to the garnishment action. (Doc. 18 at 7.) The Court, however, need not determine whether Dewar, in his role as a judgment debtor, is a "necessary or indispensable party" to the garnishment action. Regardless of whether Dewar is considered a "necessary or indispensable party" in his role as a judgment debtor, his citizenship is relevant because when the garnishment action was commenced and when it was removed, he was a trustee of the Trust and a trust has the citizenship of its trustees. *See Johnson*, 437 F.3d at 899.

### C. The Trust's Capacity to be Sued

The Trust also opposes remand on the ground that it lacks the capacity to be sued and that "its citizenship [should] be disregarded for purposes of federal jurisdiction because federal jurisdiction cannot be predicated on the citizenship of a party which lacks the capacity to be sued." (Doc. 18 at 2-3 (citing *Strotek*, 300 F.3d 1129 (9th Cir. 2002)). Federal Rule of Civil Procedure 17(b) governs choice of law issues related to a party's capacity to sue or be sued. Here, under Rule 17(b)(3), Arizona law governs whether the Trust has the capacity to be sued. *See* Fed. R. Civ. P. 17(b)(3); *see also Irwin Union Collateral Inc. v. Peters & Burris*, 2009 WL 5184902, *4 (D. Ariz. Dec. 22, 2009) (holding that trust lacked the capacity to be sued and granting plaintiff leave to amend the complaint to name the trustee as defendant). Although the parties have not cited controlling Arizona case law on this issue, "it appears logical to assume that if an Arizona court were presented with this issue, it would follow the vast majority of case law in other jurisdictions" holding that trusts lack the capacity to sue or be sued. *Irwin*, 2009 WL 5184902, at *4. Therefore, the Trust's argument that it lacks the capacity to be sued in this garnishment action may be meritorious.[7] *Id*.

Based on its argument that it lacks the capacity to be sued, the Trust seems to argue that if its citizenship were disregarded there would not be a forum defendant and removal would be proper. The existence of diversity of citizenship, however, is based on the examination of the citizenship of the real parties in interest. *Navarro*, 446 U.S. at 460-61. As the Trust asserts, "the trustee is the real party in interest with standing to sue and defend on the Trust's behalf." (Doc. 18 at 2 (citing *Navarro*, 446 U.S. at 460-61, Ariz. Rev. Stat. § 14-10106.)) According to the rule that is "more than 150 years old," "the trustee is the real party in interest, whose

---

[7] Plaintiff cites to *Sun Valley Ranch 308 Ltd. P'ship ex. rel. Englewood Props, Inc. v. Robson*, 294 P.3d 125, 134 (Ariz. Ct. App. 2012) (compelling arbitration against a trust named as a party), and *Operating Eng'rs' Local No. 428 Pension Trust Fund v. Zamborsky*, 650 F.2d 196, 197-98 (9th Cir. 1981) (affirming garnishment order entered under Arizona law against a pension trust fund named as a garnishee) in support its assertion that a trust can be a named defendant in garnishment action. These cases are not helpful because the facts and procedural posture of those cases are distinguishable from this case.

- 8 -

citizenship is controlling" for purposes of diversity jurisdiction involving a trust. *In re Mortg.,Ltd.*, 452 B.R. 776, 780 (Bankr. D. Ariz. 2011) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990)). Accordingly, the Court looks to the citizenship of the trustees to determine whether removal is appropriate on the basis of diversity jurisdiction. *See* Section II.B.2 above.

The Court's determination of its diversity jurisdiction and the presence of a forum defendant is not affected by whether the Trust was named as garnishee. *See In re Mortgs., Ltd.*, 452 B.R. at 781 (finding that the determination of whether the court has diversity jurisdiction over a trust does not differ "when the trust itself is the named party, . . ., rather than the trustee in his capacity as the trustee for the trust"). When this garnishment action was filed, and at the time of removal, Dewar, an Arizona citizen, was a trustee. Plaintiff served garnishment pleadings on "The Balloch Family Trust, c/o David C. Dewar, trustee, 7005 E. Jackrabbit Road, Paradise Valley, AZ 85253." (Doc. 19, Ex. 2; Doc. 1, Ex. 1.) Along with the Writ of Garnishment, Dewar was personally served as the "Trustee of The Balloch Family Trust," with a subpoena for records. (Doc. 19, Ex. 3.) Dewar received personal service of the Writ of Garnishment, which named him as a trustee of the Trust.

Dewar was a trustee of the Trust and an Arizona citizen when the garnishment action was commenced and when it was removed. Because the citizenship of the trustees is determinative of the Trust's citizenship for diversity jurisdiction, there was a forum defendant at the time of removal, and therefore removal was improper under 28 U.S.C. § 1441(b)(2).

## III.     Attorneys' Fees

In its motion to remand, Plaintiff also seeks an award of attorneys' fees and costs. Under 28 U.S.C. § 1447(c), a court may require payment of just costs and actual expenses, including attorneys' fees, incurred as a result of an improper removal. Fee shifting is not automatic. "[T]he standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140-41 (2005). The relevant inquiry is whether the party had "an objectively reasonable basis" for removal. *Id.*; *see also Gardner v. UICI,* 508 F.3d 559, 562 (9th Cir. 2007). District courts have wide discretion in

determining whether to award fees and costs under Section 1447(c). *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 447 (9th Cir. 1992).

Plaintiff argues that there was no objectively reasonable basis for removal because the Trust knew that trustee Dewar was a citizen of Arizona when the Writ of Garnishment was filed and at the time of removal. Plaintiff argues that shortly after the Trust filed its notice of removal, Plaintiff's counsel began "a campaign," to persuade the Trust to agree to withdraw its notice of removal. (Doc. 19 at 6.) Plaintiff states that it advised the Trust that it would be unable to overcome the "strong presumption against removal jurisdiction" and contacted the Trust numerous times urging it to stipulate to remand to avoid a request for sanctions. (Doc. 19, Ex. 4; Doc. 15, Ex. D.)

In an April 3, 2013 e-mail, Plaintiff's counsel outlined the deficiencies regarding removal, including the fact that Dewar is a citizen of Arizona. (Doc. 15, Ex. D.) Plaintiff states that the Trust responded on April 10, 2013 and claimed that Dewar was no longer a trustee. (Doc. 15 at 3.) Dewar tendered his resignation as a trustee on March 25, 2013, shortly after he had been served with the garnishment action. (Doc. 17, Ex. B.) Plaintiff contends that this "after-the-fact attempt to manipulate citizenship carries no legal significance and only shows further gamesmanship and bad faith." (*Id.*) Plaintiff does not argue that Dewar personally changed his own citizenship, as the Trust suggests; rather, Plaintiff argues that the Trust attempted to manipulate its own citizenship through the resignation of its trustee Dewar, who was and is an Arizona citizen. The Court agrees that Dewar's prompt resignation after service of the garnishment action supports the suggestion that the Trust was attempting to change its citizenship before filing its notice of removal.

It is not clear, however, that the Trust removed this action without an objectively reasonable basis for removal. "[R]emoval is not objectively unreasonable soley because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). The parties' communications, including Plaintiff's April 3 and 10, 2013 e-mails urging the Trust to withdraw its notice of removal, suggest some confusion on the law regarding the

- 10 -

citizenship of a trust as it pertains to subject matter jurisdiction. (*See* Doc. 15, Ex. D; e-mails in which Plaintiff cites a district court decision for the proposition that the court considers the citizenship of a trust's beneficiaries for purposes of determining diversity jurisdiction, *Yueh-Lan Wang ex. rel. Wong v. New Mighty U.S. Trust*, 841 F. Supp. 2d 198, 203 (D. D.C. 2012), but not citing *Navarro*, 446 U.S. at 465-666, in which the Supreme Court held that trustees are the "real parties" to a controversy involving a trust, which may be maintained in diversity jurisdiction "without regard to the citizenship of the trust beneficiaries").

In view of the technical nature of the issues pertaining to the removal of this garnishment action, the Trust had some basis to believe that removal was proper, and the Court will not award attorneys' fees and costs.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Supplement Notice of Removal (Doc. 14) is **GRANTED.**

**IT IS FURTHER ORDERED** that the motion of Plaintiff CSA8-Garden Village, LLC to Remand (Doc. 15) is **GRANTED.**

**IT IS FURTHER ORDERED** that the motion of Plaintiff CSA8-Garden Village, LLC for attorneys' fees and costs is **DENIED.**

**IT IS FURTHER ORDERED** directing the Clerk of Court to **REMAND** this action to the State Court.

DATED this 6th day of June, 2013.

_____
Bridget S. Bade
United States Magistrate Judge

- 11 -